IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| **First Cash, Ltd., d/b/a** **First Cash Advance**, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:09cv464 (CMH/TRJ) |
| **FIRSTCASHADVANCE.COM,** | ) ) ) | |
| Defendant. | ) ) | |

## REPORT AND RECOMMENDATION

This matter was before the court on Friday, November 6, 2009 for hearing on plaintiff's Motion for Default Judgment against defendant FIRSTCASHADVANCE.com (docket no.16). After consideration of plaintiff's motion, the magistrate judge recommends that default judgment be entered against defendant FIRSTCASHADVANCE.com.

### The Parties

Plaintiff, First Cash Advance ("FCA"), is a Texas limited partnership with its principal place of business in Arlington, Texas. Pls.' Compl. ¶ 6. It is a prominent provider of specialty consumer financial services. Id. Defendant is an internet domain name that was registered by Apple Chay of Selangor, Malaysia. Pls.' Mem. in Supp. of Def. Judgm., p. 2.

### Interested Parties

Apple Chay, the individual who registered defendant domain name, is believed to be a person or entity not registered to do business in the Commonwealth of Virginia and operating from an office in Selangor, Malaysia.

### Jurisdiction and Venue

This court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1125(d)(2) of the Anticybersquatting Consumer Protection Act of 1999 (the " Anticybersquatting Act"). This court has *in rem* jurisdiction over the defendant property <FIRSTCASHADVANCE.com> pursuant to 15 U.S.C. § 1125(d)(2)(C), because under 15 U.S.C. § 1125(d)(2)(A), the registry is located in this judicial district and division, and under 15 U.S.C. § 1125(d)(2)(A)(ii)(I), this court lacks in personam jurisdiction over the registrant of the domain name, who would have been the defendant in an action brought under 15 U.S.C. § 1125(d)(l).  This court properly has venue pursuant to 28 U.S.C. § 1391.

### Procedural History

Plaintiff owns and uses the mark "First Cash Advance" – and it has done so since November 8, 1999.  Pls.' Compl. ¶ 12.  Moreover, First Cash Advance is a registered trademark of plaintiff, issued to it by the United States Patent and Trademark Company under Reg. No. 3,564,016. Pls.' Compl. ¶ 13.  Plaintiff has used the mark extensively and continuously for nearly ten years. Id.

This trademark registration is unrevoked, valid, incontestable, and subsisting.  It constitutes, moreover, *prima facie* evidence of plaintiff's exclusive ownership of the mark.

The registrant acquired the domain name, which contains plaintiff's registered

trademark First Cash Advance in its entirety, on or about February 10, 2003. The registrant has never used the domain name in connection with any legitimate offering of services or goods. Rather, the registrant's domain name misdirects consumers seeking to do business with plaintiff through its deceptively similar name. Pls.' Compl. ¶ 15. For example, internet users who enter FIRSTCASHADVANCE.com – the most sensible entry for those users seeking First Cash Advance – in order to find plaintiff's business are diverted to defendant's unauthorized website. Id.

The registrant's true intent was to profit from the domain name by selling contact information to third parties and/or to sell the domain name to plaintiff. Pls.' Compl. ¶ 21. This is illustrative of the registrant's bad faith.

Plaintiff filed this *in rem* action on April 29, 2009 against the domain name, FIRSTCASHADVANCE.com. Plaintiff's complaint alleges that the domain name is in violation of the Anticybersquatting Act because the domain name wholly incorporates plaintiff's First Cash Advance mark. Pls.' Compl. ¶ 1.

The complaint seeks transfer and/or cancellation of the domain name. Id. Plaintiff took various steps – pursuant to 15 U.S.C. §§ 1125(d)(2)(A)(ii), (B) – to give notice of the existence of this lawsuit to the registrant of the domain name, via email and regular mail, but received no response. What is more, plaintiff sent a date-stamped copy of the complaint to the registrant of the domain name.

On September 21, 2009, the court entered an order directing plaintiff to publish notice of this action (docket no. 12); shortly thereafter, a Notice of *In Rem* Action was published in *The Washington Times* on September 30, 2009. *See* Docket Entry Nos. 13, 14. The notice demanded that any person asserting rights in the defendant domain name appear or plead in this matter by

no later than twenty days from the date of publication or risk the entry of a judgment by default. No party having asserted rights in the defendant domain name within this period, the Clerk entered default against FIRSTCASHADVANCE.com on October 30, 2009. *See* Docket Entry No. 15.

Plaintiff now seeks a default judgment against the domain name, and ask the court for a judgment transferring to plaintiff control of the domain name pursuant to 15 U.S.C. § 1125(d)(2)(D)(I).

### **Findings of Fact**

The magistrate judge makes the following findings.

The well-pled allegations of the complaint establish, and the magistrate judge finds, that the registrant has violated the Anticybersquatting Act by registering in bad faith the domain name, which is confusingly similar to plaintiff's protected mark in violation of plaintiff's rights as owner of the registered First Cash Advance mark. 15 U.S.C. § 1125(d)(2)(A)(I).

Under 15 U.S.C. § 1125(d)(2), to proceed *in rem*, a plaintiff must establish that: (a) plaintiff owns a mark registered in the Patent and Trademark Office, or protected under § 1125(a) or § 1125(c); (b) the defendant domain name violates any right of plaintiff in plaintiff's own marks as protected under § 1125(a) or § 1125(c);[1] and (c) plaintiff is either unable to find or to obtain personal jurisdiction over a person who would have been a defendant in a civil action under 15 U.S.C. §1125(d)(1). 15 U.S.C. § 1125(d)(2)(A).

Applying the law to the facts of this case, the magistrate judge finds that all requirements

---

[1] *See Harrods Ltd. v. Sixty Internet Domain Names,* 302 F.3d 214, 232 (4th Cir. 2002) (holding that the in rem provision of § 1125(d)(2) is not limited to bad faith claims under §1125(d)(1), but also covers claims under §§ 1114, 1125(a) and 1125(c)).

of the Anticybersquatting Act have been met, and therefore, plaintiff may properly proceed *in rem* against the domain name.

First, the record establishes that plaintiff owns trademark registrations for its First Cash Advance mark.

Second, the magistrate judge finds that the domain name is in violation of plaintiff's rights in its mark under 15 U.S.C. §1125(a).  When considering the similarity of individual marks, courts must give "greater force and effect to the marks' dominant elements." *Washington Speakers Bureau, Inc. v. Leading Auths., Inc.*, 33 F. Supp. 2d 488, 498 (E.D. Va. 1999).  The domain name (FIRSTCASHADVANCE.COM), which wholly incorporates plaintiff's mark "First Cash Advance," is confusingly similar to plaintiff's mark.

Third, the magistrate judge finds that despite plaintiff's due diligence, it was unable to find or to obtain personal jurisdiction over any person who would have been a defendant in a civil action under 15 U.S.C. §1125(d)(1).  Apple Chay, the registrant, is located in Malaysia and the court does not have long-arm jurisdiction over the individual or entity.

In addition, the magistrate judge finds that registrant, with bad faith, registered the domain name, has used the domain name, and continues to use the domain name, which is identical or confusingly similar to plaintiff's  distinctive mark, in violation of 15 U.S.C. § 1125(d)(1)(A).  FIRSTCASHADVANCE.COM is currently registered to the registrant, who has no intellectual property rights in the First Cash Advance mark.  Furthermore, the registrant's use of the domain name is likely to cause confusion with the general public as to the source of the information and content of the web sites to which the domain name is currently linked.

Finally, the magistrate judge finds that the plaintiff has notified the registrant, Apple Chay, of the existence of this action and has fully complied with the court's September 21, 2009

Order. It is, therefore, appropriate to proceed against the domain name with an *in rem* action as provided by the Anticybersquatting Act.

Having established that plaintiff has met the requirements to proceed and prevail in an *in rem* action under the Anticybersquatting Act, the magistrate judge finds that the registrant failed to properly plead or otherwise defend against plaintiff's complaint and that defendant domain name is in default pursuant to Fed. R. Civ. P. 55(a) and the orders of this court.

### Recommendation

The magistrate judge recommends that default judgment be entered against defendant domain name under Fed. R. Civ. P. 55(b)(2). The magistrate judge recommends that plaintiff's motion for default judgment be granted and the domain name FIRSTCASHADVANCE.COM be transferred to plaintiff pursuant to 15 U.S.C. §1125(d)(2)(D)(I).

### Notice

By means of the court's electronic filing system, and by emailing a copy of this report and recommendation to the registrant at his registered address, the parties are notified as follows. Objections to this report and recommendation must be filed within ten (10) days of service on you of this report and recommendation. A failure to file timely objections to this report and recommendation waives appellate review of the substance of the report and recommendation and waives appellate review of a judgment based on this report and recommendation.

/s/

Thomas Rawles Jones, Jr.
United States Magistrate Judge

November 12, 2009
Alexandria, Virginia